**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 08-20111-01-KHV |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| MARCEL WILLIAMS, | ) | No. 10-2262-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant pled guilty to aiding and abetting Lamonte Ephriam to possess with intent to distribute more than five grams of cocaine base within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860. The Court sentenced defendant to 110 months in prison. This matter is before the Court on defendant's Petition For Writ Of Habeas Corpus Pursuant To Title 28 U.S.C. Section 2255 (Doc. #75) filed May 4, 2010 and the Government's Motion To Enforce Waiver Of Collateral Attack (Doc. #77) filed July 23, 2010. For reasons stated below, the Court overrules both motions.

## Factual Background

On November 25, 2008, pursuant to a plea agreement, defendant pled guilty to aiding and abetting Lamonte Ephriam to possess with intent to distribute more than five grams of cocaine base within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #13). At the change of plea hearing, defense counsel stated that unless defendant received the safety valve, he would face a sentence of 60 months, the mandatory statutory minimum. See Transcript of Change Of Plea Hearing (Doc. #77-1) at 14.

Defendant's total offense level was 28, with a criminal history category IV, resulting in a guideline range of 110 to 137 months. Defendant objected to the conversion of money found on him to a cocaine base equivalent in the Presentence Investigation Report ("PSIR"). Defendant also objected that his criminal history category overstated the seriousness of his prior offenses which were misdemeanors. At sentencing, the Court overruled defendant's objections and sentenced defendant to 110 months in prison. See Judgment In A Criminal Case (Doc. #37) filed May 6, 2009. Defendant did not appeal. Melissa Harrison and Michael Harris of the Office of the Federal Public Defender represented defendant throughout this proceeding.

On May 4, 2010, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant's motion alleges that his attorney was ineffective because she misinformed defendant that he would receive a sentence of approximately 60 months in prison when in fact, he received a sentence of 110 months in prison. The government has filed a response and asserts that in the plea agreement, defendant voluntarily waived his right to file a Section 2255 motion.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.  Procedural Bar – Waiver Of Collateral Challenges**

On July 23, 2010, the government filed its motion to enforce the waiver of collateral attacks in the plea agreement. To date, defendant has not filed a response. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United

States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **10.     Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742, affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited

> by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 10. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. Here, defendant's claim that counsel inaccurately predicted his sentence under the guidelines challenges the knowing and voluntary nature of the plea. Because the claim falls within the exception set forth in Cockerham, the Court overrules the government's motion to enforce the waiver of collateral challenges in the plea agreement.[1]

## II.   Substantive Merit Of Defendant's Claim

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made

---

[1] The government essentially concedes that defendant's claim falls within the exception in Cockerham. See Government's Motion (Doc. #77) at 10, 13.

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

First, defendant has not shown that counsel was deficient. An attorney miscalculation or erroneous sentence estimate by itself does not establish constitutionally deficient performance. United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); see United States v. Melcher, No. 10-504, 2010 WL 1971913, at *2 (10th Cir. May 18, 2010) (performance not deficient; prediction of 200 months, sentence of life in prison); United States v. Harrison, No. 09-7113, 2010 WL 1225617, at *4 (10th Cir. Mar. 31, 2010) (same; prediction of 37 months, sentence of 70 months). In addition, defendant admitted at the change of plea hearing that no one made any promise or guarantee about his sentence. He also acknowledged that any prediction by counsel could very well be wrong and that he could be subject to a much higher sentence. Defendant acknowledged that his plea was free and voluntary and that no one had forced or threatened him to enter it.[2] Absent a believable reason

---

[2] Defendant argues that his plea was not knowing or voluntary because of counsel's erroneous sentencing prediction. An erroneous sentence estimate by counsel, however, does not render a plea involuntary. See United States v. Bridges, 68 Fed. Appx. 896, 900 (10th Cir. 2003) (plea voluntary; prediction of no more than 60 months, sentence of 175 months); Wellnitz v. Page,
(continued...)

justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept.19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

---

²(...continued)
420 F.2d 935, 936 (10th Cir. 1970) (plea voluntary; prediction of 25 years, sentence of 100 years); see also Fields v. Gibson, 277 F.3d 1203, 1213-14 (10th Cir. 2002) (plea voluntary when attorney advised defendant that plea would lessen chance of death penalty and court nevertheless imposed death penalty); Braun v. Ward, 190 F.3d 1181, 1189 (10th Cir. 1999) (plea voluntary because defendant took chances by relying on attorney's good-faith advice and no evidence of guarantees or promises), cert. denied, 529 U.S. 1114 (2000); Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975) (plea not involuntary merely because prediction that guilty plea would result in light sentence did not come true).

The Supreme Court has noted that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." McMann v. Richardson, 397 U.S. 759, 770 (1970); see also United States v. Broce, 488 U.S. 563, 572 (1989) (possibility that plea might have been influenced by erroneous assessment of sentencing consequences did not render plea invalid); Brady v. United States, 397 U.S. 742, 757 (1970) (absent misrepresentation or other impermissible conduct by state agents, voluntary plea of guilty intelligently made in light of then applicable law does not become vulnerable because later judicial decisions indicate that plea rested on faulty premise). Defendant acknowledged in his plea petition, in the plea agreement and at the plea colloquy that he was subject to a maximum sentence of 80 years in prison. At the plea colloquy, defendant stated that he understood that counsel did not know what was going to turn up in the presentence investigation, that counsel could not tell him for certain what his exact sentence would be, that counsel might be wrong and that if their predictions and assumptions were wrong, it could have a "huge effect" on his sentence. Transcript Of Change Plea (Doc. #77-1) at 16-17.

The belated timing of defendant's request to withdraw his plea, more than one year after he received a copy of the presentence report, also suggests that his plea was knowing and voluntary. In particular, defendant did not assert at sentencing that his plea was involuntary and he did not express any desire to withdraw his plea because of counsel's erroneous prediction. Indeed, at sentencing, defendant acknowledged that he remembered his statements at the change of plea hearing that even the most well-intentioned predictions about the guidelines could be wrong and any such errors could have a big effect on his actual sentence. See Transcript Of Sentencing (Doc. #77-2) at 47.

Counsel's prediction was unfortunate and the Court empathizes with defendant's position that at the time of his plea, he assumed that he would most likely receive a sentence of 60 months. Even so, counsel's performance was not deficient. As explained above, defendant fully understood that he was subject to a maximum sentence of 80 years in prison, that counsel's predictions and assumptions could be wrong and that any such errors could have a "huge effect" on his sentence. Transcript Of Change Plea (Doc. #77-1) at 16-17. A large part of the Court's standard plea colloquy assumes that counsel will sometimes fail to correctly predict a defendant's sentence.[3] Counsel is not deemed deficient simply because he or she fails to perfectly estimate a defendant's sentence. See Gordon, 4 F.3d at 1570.

Defendant also cannot establish prejudice. Defendant has not shown a reasonable probability that but for counsel's prediction, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. At the plea hearing, the Court fully explained that the statutory maximum for the offense was 80 years in prison and that counsel's estimate of five years could turn out to be incorrect and that any such error might have a huge effect on his sentence. See Transcript Of Change Plea (Doc. #77-1) at 16-17. After being informed about the statutory maximum and the fact that counsel's prediction could be wrong, defendant pled guilty. See United States v. Kutilek, 260 Fed. Appx. 139, 147 (10th Cir. 2008) (no prejudice from attorney miscalculation in light of judge's statements at plea hearing); Gordon, 4 F.3d at 1571 (same);

---

[3] Defendants sometimes receive less time than counsel predict, sometimes more. The "deal" which defendant struck here was that even if counsel's predictions turned out to be erroneous, he would not be able to come back and challenge his sentence or have his plea vacated. See id. at 23-24, 26.

Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (same), cert. denied, 499 U.S. 940 (1991); United States v. Cruce, No. 97-3167-DES, 1997 WL 557382, at *2 (D. Kan. Aug. 14, 1997) (same; prediction of 36-47 months, sentence of 168 months); United States v. Marsh, 733 F. Supp. 90, 93 (D. Kan. 1990) (same; prediction of three years, sentence of nine years). Accordingly, defendant was not prejudiced by counsel's inaccurate prediction of his sentence.

**III.     Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**IV.     Certificate Of Appealability**

Effective December 1, 2009, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C.
(continued...)

standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Petition For Writ Of Habeas Corpus Pursuant To Title 28 U.S.C. Section 2255 (Doc. #75) filed May 4, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Motion To Enforce Waiver of Collateral Attack (Doc. #77) filed July 23, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 19th day of August, 2010, at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge

---

[4](...continued)
§ 2253(c)(1).