**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 08-20111-01-KHV |
| | ) | |
| MARCEL WILLIAMS, | ) | CIVIL ACTION |
| | ) | No. 19-2389-KHV |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On May 5, 2009, the Court sentenced defendant to 110 months in prison. On October 28, 2011, the Court reduced defendant's sentence to 77 months under Amendment 706 to the Sentencing Guidelines. This matter is before the Court on defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate And Set Aside My Revocation Sentence Of Imprisonment Because It Is Unconstitutional (Doc. #149) filed July 15, 2019. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

## Factual Background

On November 25, 2008, pursuant to a plea agreement, defendant pled guilty to aiding and abetting Lamonte Ephriam to possess with intent to distribute more than five grams of cocaine base within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #13).

Defendant's total offense level was 28, with a criminal history category IV, resulting in a guideline range of 110 to 137 months. The Court sentenced defendant to 110 months in prison. See Judgment In A Criminal Case (Doc. #37) filed May 6, 2009. Defendant did not appeal.

On August 9, 2010, the Court overruled defendant's pro se motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #78).

On November 5, 2018, the Court revoked defendant's supervised release based on his admitted marijuana use and association with a person engaged in criminal activity.  See Judgment In A Criminal Case (Doc. #147).  The Court sentenced defendant to 24 months in prison.  Defendant did not appeal.

On July 15, 2019, defendant filed the instant motion to vacate his sentence on supervised release.  Defendant argues that his sentence is unconstitutional because he did not receive a jury trial that established his guilt beyond a reasonable doubt.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

**I.      Procedural Bar – Failure To Appeal**

As the government correctly notes, defendant's challenge to the constitutionality of Section 3582(e)(3) is barred because he did not raise it on direct appeal.[1]  See Government's

---

[1] The government also argues that defendant's Section 2255 motion is barred as a second or successive motion.  Unlike defendant's original motion, his present motion challenges the constitutionality of his sentence on revocation of supervised release.  Accordingly, defendant's motion is not a "second or successive" petition.  See Magwood v. Patterson, 561 U.S. 320, 342 (2010) (in § 2254 context, where "new judgment interven[es] between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all") (internal quotation marks and citation omitted); United States v. McGaughy, 670 F.3d 1149, 1159 n.7 (10th Cir. 2012) (under Magwood, second § 2255 claim not second or successive "because it relate[d] to a new sentence").

Response In Opposition To Defendant's Motion To Vacate And Set Aside Revocation Sentence (Doc. #151) filed August 23, 2019 at 6-8.   Defendant did not appeal his revocation sentence, and Section 2255 is not available to test the legality of matters which should have been raised on appeal.  United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994); see United States v. Bolden, 472 F.3d 750, 751 (10th Cir. 2006) (Section 2255 petition not appropriate vehicle to raise issues that should have been raised on direct appeal).

Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed.  Allen, 16 F.3d at 378.  Defendant has not satisfied either of these exceptions.

Defendant has not filed a reply or responded to the government's assertion that his claim is procedurally barred.  In his motion, defendant has not asserted grounds that would constitute cause for his procedural default.  Likewise, defendant's motion does not assert "prejudice," i.e. that the alleged errors worked to his actual and substantial disadvantage, infecting his entire sentence with error of constitutional dimensions.  United States v. Frady, 456 U.S. 152, 170 (1982).  Finally, the Court finds no basis to find that defendant has satisfied the exception for a "fundamental miscarriage of justice."  The Supreme Court has held that this exception applies only if one is actually innocent.  See Bousley v. United States, 523 U.S. 614, 623 (1998). Defendant has not shown that he is actually innocent of the original charges or the supervised release violations.   Therefore, he cannot establish that failure to review his claim would result in

a fundamental miscarriage of justice.  Based on this procedural bar, the Court overrules defendant's claim.  In addition, for reasons stated below, defendant's claim lacks substantive merit.

## II.     Constitutionality Of Supervised Release Proceedings

Defendant argues that his supervised release sentence and all such sentences based on judge-found facts under 18 U.S.C. § 3583(e)(3) are unconstitutional.  The Tenth Circuit has rejected a constitutional challenge to Section 3583(e)(3).  See United States v. Cordova, 461 F.3d 1184, 1187-88 (10th Cir. 2006).  It held that in the context of supervised release proceedings under Section 3583(e)(3), a defendant has no constitutional right to indictment by a grand jury, a jury trial or proof of guilt beyond a reasonable doubt.  See id.

Defendant suggests that in United States v. Haymond, 139 S. Ct. 2369, 2382 (June 26, 2019), the Supreme Court recently questioned the constitutionality of Section 3583(e)(3).  In Haymond, a plurality held that absent a jury finding, imposition of a mandatory minimum sentence on revocation of supervised release under 18 U.S.C. § 3583(k) violates defendant's constitutional rights to due process and a jury trial.  Haymond, 139 S. Ct. at 2382.  The dissent suggested that the plurality's opinion could be used to support a challenge generally to all supervised release proceedings under Section 3583(e)(3).  See id. at 2387 ("Many statements and passages in the plurality opinion strongly suggest that the Sixth Amendment right to a jury trial applies to any supervised-release revocation proceeding."); id. at 2388 ("The intimation in all these statements [of the plurality] is clear enough: All supervised-release revocation proceedings must be conducted in compliance with the Sixth Amendment — which means that the defendant is entitled to a jury

trial, which means that as a practical matter supervised-release revocation proceedings cannot be held."). Even so, the Haymond plurality expressly disclaimed any inference that its holding applied beyond Section 3583(k), which requires a mandatory minimum sentence of five years for certain offenses committed by defendants required to register under the Sex Offender Registration and Notification Act. See id. at 2383 (issue "whether all supervised release proceedings comport with Apprendi" not presented here; decision limited to "unusual provision" in § 3583(k) and Alleyne problem raised by its 5-year mandatory minimum term of imprisonment); id. at 2383-84 (distinguishing § 3583(e) because it does not contain "similar mandatory minimum triggered by judge-found facts" as found in § 3583(k)). Because Haymond did not address the constitutionality of Section 3583(e)(3), this Court continues to follow Tenth Circuit precedent which holds that that provision withstands constitutional scrutiny. See Cordova, 461 F.3d at 1187-88; see also United States v. Chimaera-El, No. 19-4339, 2019 WL 5294995, at *1 (4th Cir. Oct. 18, 2019) (Haymond does not provide basis to challenge revocation judgment imposed under § 3583(e)(3) because plurality expressly limited holding to § 3583(k)); United States v. Horne, No. 19-10233, 2019 WL 4724473, at *3 (11th Cir. Sept. 26, 2019) (declining to re-visit constitutionality of § 3583(e)(3) based on Haymond); United States v. Mooney, 776 F. App'x 171, 171 (4th Cir. Aug. 29, 2019) (Haymond had no impact on run-of-the-mill revocation sentence imposed under § 3583(e)(3)).[2]

---

[2] Even if the Count found that Haymond required that all supervised release proceedings under Section 3583(e) must comply with Apprendi, defendant is not entitled to relief. The Haymond plurality noted that even if Apprendi applies to revocation sentences generally, no constitutional problem arises unless a defendant's combined "initial and post-revocation sentences
(continued. . .)

**III.    Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.  Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

**IV.    Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).[3]  To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the

---

²(…continued)
issued under § 3583(e) . . . yield a term of imprisonment that exceeds the statutory maximum term of imprisonment the jury has authorized for the original crime of conviction."  Haymond, 139 S. Ct. at 2384.  Here, based on defendant's criminal history, his original conviction carried a statutory maximum of 80 years.  See Presentence Investigation Report Dated April 28, 2009, ¶ 74; 21 U.S.C. § 841(b)(1)(B)(iii).  His combined sentence of 101 months (initial sentence of 77 months plus revocation sentence of 24 months) is well below the statutory maximum for the original offense.  Accordingly, Haymond and Apprendi do not support defendant's claim.

³       The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To 28 U.S.C. § 2255 To Vacate And Set Aside My Revocation Sentence Of Imprisonment Because It Is Unconstitutional (Doc. #149) filed July 15, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 24th day of October, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
